U.S. COURTS

DEC 04 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Mersades Seward
3255 E Greenhurst Rd, Apt C104
Nampa, Idaho 83686
Phone: 208-219-6601
Email: seward.mers@gmail.com,

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

**MERSADES SEWARD, Plaintiff,**

**v.**                                            **Case No. _____**

**ADA COUNTY; ADA COUNTY SHERIFF'S OFFICE; SHELLY BARNEY, individually; BEN LEE, individually; and DOES 1–5, unknown individuals, Defendants.**

## CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

---

Plaintiff Mersades Seward, by and through undersigned pro se counsel, brings this action against the above-named Defendants for violations of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and alleges as follows:

---

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, which provides a private right of action for

1

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

deprivations of constitutional rights under color of state law. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Ada County, Idaho, which is within the District of Idaho, and Defendants reside within this judicial district.

---

## II. PARTIES

3. Plaintiff Mersades Seward is an individual residing at 3255 E Greenhurst Rd Apt C104, Nampa, Idaho 83686.

4. Defendant Ada County is a political subdivision of the State of Idaho responsible for the operation and management of county jail facilities and probation/parole enforcement operations.

5. Defendant Ada County Sheriff's Office is a subsidiary of Ada County, responsible for law enforcement and detention operations, including the Ada County Jail.

6. Defendant Shelly Barney is a probation/parole officer employed by Ada County and/or the State of Idaho, acting in her official and individual capacity, who signed the agent's warrant authorizing Plaintiff's detention.

7. Defendant Ben Lee is a parole officer employed by Ada County and/or the State of Idaho, acting in his official and individual capacity, and was present during Plaintiff's initial detention.

8. Defendants DOES 1–5 are unknown law enforcement officers, jail personnel, or supervisory officials involved in Plaintiff's unlawful detention, to be identified through discovery.

---

## III. STATEMENT OF FACTS

2

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

## A. Plaintiff's Status and Background

9. At all times relevant to this Complaint, Plaintiff Mersades Seward was a law-abiding individual under probation supervision in Ada County, Idaho.

10. Plaintiff's probation officer was Dason Laseter, employed by the State of Idaho Department of Correction. Mr. Laseter actively monitored Plaintiff's compliance with probation conditions and maintained regular contact with her.

11. Prior to June 1, 2023, Plaintiff was in full compliance with all conditions of her probation and had not been cited for violations or new charges.

## B. The Unlawful Detention: June 1, 2023

12. On June 1, 2023, Plaintiff was present at a location where Colt Seward (an individual with whom Plaintiff had a personal relationship) was arrested by law enforcement on unrelated charges.

13. Upon information and belief, Plaintiff was not suspected of, accused of, or involved in any criminal conduct related to Colt Seward's arrest or the events giving rise thereto.

14. Notwithstanding her lack of involvement, Plaintiff was immediately detained by law enforcement officers at the scene and placed in a law enforcement vehicle for purposes of transport.

15. Plaintiff remained in custody in a law enforcement vehicle for approximately four (4) hours while parked at or near the scene of Colt Seward's arrest, during which time she was not informed of any charge, warrant, or legal basis for her detention.

16. Plaintiff requested explanation for her detention and was provided no documentation, warrant, or probable cause statement justifying her seizure.

## C. The Agent's Warrant Signed Without Due Process

17. After approximately four (4) hours of custody with no stated cause, Defendant Shelly Barney, a probation/parole officer and partner to Defendant Ben Lee (Colt Seward's parole

3

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

officer), signed an "agent's warrant" allegedly authorizing Plaintiff's continued detention and transfer to Ada County Jail.

18. Upon information and belief, this warrant was signed *after* Plaintiff had already been seized and held for hours, suggesting it was generated to justify an already-unlawful detention rather than as an independent basis for lawful arrest.

19. Plaintiff was not provided a copy of this warrant, nor was she given any document explaining the basis for the warrant or the allegations supporting it.

20. Upon information and belief, the agent's warrant was allegedly based on unsubstantiated claims that Plaintiff had: (a) associated with known felons; (b) resided at an unapproved address; and (c) engaged in substance abuse.

**D. Detention in Ada County Jail (June 1–7, 2023)**

21. Following the signing of the agent's warrant, Plaintiff was transported to and booked into Ada County Jail, where she remained in custody from June 1, 2023, through June 7, 2023—a period of seven (7) days.

22. Throughout her detention, Plaintiff was not charged with any crime, was not brought before a judicial officer for determination of probable cause or bail, and was not afforded a hearing or opportunity to contest the alleged violations cited in the warrant.

23. Plaintiff was scheduled to appear before a federal judge on June 8, 2023, but was unexpectedly released on her own recognizance on June 7, 2023, the day before this scheduled appearance.

24. Upon her release, Plaintiff was provided no documentation explaining the reason for her detention, the basis for the warrant, or the reason for her sudden release without charges or findings.

**E. Probation Officer's Confirmation of Compliance**

25. Following Plaintiff's release, Plaintiff's probation officer, Dason Laseter, confirmed in writing that Plaintiff had not been found in violation of any probation condition, including the

4

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

alleged violations cited in the warrant (association with felons, unapproved residence, substance abuse).

26. Mr. Laseter further confirmed that he did not initiate, recommend, or process any violation report or hold on Plaintiff during or after her June 1–7 detention.

27. Plaintiff was never formally charged with any probation violation or new criminal offense related to the alleged conduct cited in the agent's warrant.

28. Plaintiff's detention and the circumstances surrounding it appear to have been based solely on her association with Colt Seward and not on any independent violation or criminal conduct by Plaintiff herself.

**F. Constitutional Violations**

29. Plaintiff's detention was not supported by probable cause, a valid warrant issued by a neutral judicial officer, or any lawful basis under state or federal law.

30. Plaintiff was seized without warning, held incommunicado without explanation, transported without due process, and confined in jail for seven days without a hearing, charges, or judicial review.

31. The purported "agent's warrant" was signed *after* Plaintiff's unlawful seizure and appears to have been issued to retroactively justify an already-improper detention, rather than as an independent legal basis for seizure.

32. Plaintiff was denied her rights under the Fourth Amendment to be free from unreasonable seizure, and her rights under the Fourteenth Amendment to due process of law.

33. Defendants' actions were undertaken under color of state law, in their official capacities and/or in their individual capacities, and constitute civil rights violations actionable under 42 U.S.C. § 1983.

**G. Damages Suffered**

34. As a direct and proximate result of her unlawful detention and constitutional deprivations,

5

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

Plaintiff has suffered:
- Severe emotional distress, including anxiety, fear, and loss of trust in law enforcement;
- Loss of income and employment opportunities due to sudden incarceration;
- Disruption of family relationships and loss of consortium with minor children;
- Public stigma and reputational harm from wrongful incarceration;
- Medical expenses related to stress and trauma;
- Loss of housing stability and financial security.

35. Plaintiff continues to suffer ongoing harm and damages from this unlawful detention.

## IV. CLAIMS FOR RELIEF

### COUNT I: UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Defendants, acting under color of state law, seized and detained Plaintiff without probable cause, without a warrant issued by a neutral judicial officer, and without any lawful basis.

38. Defendants' actions violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

39. Defendants are liable for compensatory and punitive damages as a result of this constitutional violation.

### COUNT II: DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Defendants detained Plaintiff for seven days without providing her notice of charges, a hearing before an impartial tribunal, or an opportunity to contest the basis for her detention.

42. Defendants' actions violated Plaintiff's Fourteenth Amendment right to due process of law.

43. Defendants are liable for compensatory and punitive damages as a result of this constitutional violation.

## COUNT III: MUNICIPAL LIABILITY (ADA COUNTY)

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Ada County, through its Sheriff's Office and detention facilities, maintained customs, practices, and/or policies that resulted in the unlawful detention of individuals based solely on association with suspects, without independent probable cause or judicial authorization.

46. This pattern or practice of unconstitutional conduct was known to Ada County decision-makers and deliberate indifference was shown to the rights of persons in custody.

47. Ada County is liable for compensatory damages as a result of this systemic constitutional violation.

---

—

## V. REQUEST FOR IN FORMA PAUPERIS STATUS

48. Plaintiff is unable to pay the filing fee and costs associated with this action. Plaintiff is currently unemployed and lacks financial resources to cover court costs.

49. Pursuant to 28 U.S.C. § 1915, Plaintiff respectfully requests that this Court grant her leave to proceed in forma pauperis, thereby waiving the requirement to pay the filing fee and allowing this action to proceed at no cost to the Plaintiff.

50. Plaintiff submits a separate Application to Proceed in Forma Pauperis in support of this

7

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

request.

—

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Mersades Seward respectfully requests that this Court:

1. Grant Plaintiff's Application to Proceed in Forma Pauperis;

2. Award compensatory damages in an amount to be proven at trial, including damages for emotional distress, lost income, disruption of family and personal life, and other consequential harms;

3. Award punitive damages against individual Defendants Shelly Barney and Ben Lee in an amount to be proven at trial, to punish their reckless and malicious conduct;

4. Award attorney's fees and costs incurred in prosecuting this action, pursuant to 42 U.S.C. § 1988, or in the alternative, waive such fees given Plaintiff's in forma pauperis status;

5. Declare that Defendants' conduct violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments;

6. Grant such other and further relief as this Court deems just and proper.

—

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of fact in this action.

—

8

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

RESPECTFULLY SUBMITTED,

This **26th** day of **November, 2025,**
    /s/;*Mersades Seward*
    Mersades Seward, Pro Se

Mersades Seward, Pro Se
    3255 E Greenhurst Rd Apt C104
    Nampa, Idaho 83686
    Phone: (208) 295-7898

## DECLARATION UNDER PENALTY OF PERJURY

I, Mersades Seward, declare under penalty of perjury under the laws of the United States and the State of Idaho that the foregoing statements regarding my financial situation and inability to pay court costs are true and correct. I understand that any false statements herein are subject to criminal prosecution under 18 U.S.C. § 1621.

Executed on this **26TH** day of **November, 2025,**
in Nampa, Idaho.

9

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**

10

**COMPLAINT CIVIL
RIGHTS UNDER 42 U.S.C §
1983**