UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MERSADES SEWARD,<br><br>       Plaintiff,<br><br>v.<br><br>ADA COUNTY; ADA COUNTY SHERIFF'S OFFICE; SHELLEY BARNEY, an individual; BEN LEE, and individual; and DOES I-V, unknown individuals,<br><br>       Defendants. | Case No. 1:25-cv-00683 DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Mersades Seward's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Seward's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Seward's Complaint to ensure it meets the minimum required standards discussed below. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court ORDERS Seward's application to proceed in forma pauperis be supplemented with more detailed information containing

Seward's monthly income and categorized expenses. Further, the Court finds Seward's Complaint legally sufficient to survive initial review. That said, until the Court ascertains Seward's financial situation, no further action may occur in this case.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has examined Seward's application to proceed in forma pauperis and finds it does not conclusively establish her indigence. While Seward does aver that paying the filing fee would deprive her of the ability to provide basic necessities, she does not specify any monthly income or expenses. Dkt. 1. Without this information, the affidavit is without key facts which would give it some particularity. Therefore, the Court ORDERS Seward to supplement her application to proceed in forma pauperis with information outlining her monthly income as well as her monthly expenses categorized and expressed

in dollar values.[1]

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an

---

[1] Seward is encouraged to use the Court's standard In Forma Pauperis form which can be found at: https://id.uscourts.gov/Content_Fetcher/index.cfml/In_Forma_Pauperis_Application_Non_Prisoner_1032 .pdf?Content_ID=1032

MEMORANDUM DECISION AND ORDER - 3

opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, Seward brings a § 1983 claim against Ada County, Ada County Sherriff's office, and individual sheriff and probation officers alleging they violated her Fourth and Fourteenth Amendment rights. *See generally* Dkt. 2. Seward alleges the Defendants wrongfully arrested her, wrongfully produced a warrant to justify the wrongful arrest, and wrongfully held her for seven days without due process. *Id.* at 2-5. The facts Seward presents in her complaint plausibly establish a claim that her constitutional rights were violated.

At face value, Seward's complaint survives an initial analysis under 28 U.S.C. § 1915(e)(2): (1) the complaint is neither frivolous nor malicious; (2) the complaint states a claim upon which relief can be granted; (3) and the complaint does not seek monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). Specifically addressing the second prong under 28 U.S.C. § 1915(e)(2), Seward's complaint alleges facts sufficient to show a plausible claim for relief. *See Ashcroft*, 556 U.S. at 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Moreover, the Defendants are not automatically immune to the relief sought by virtue of the statutory waiver in 42 U.S.C § 1983.

While the Court is not making a determination as to the ultimate likelihood of success of Seward's complaint, it nonetheless finds the complaint overcomes the low threshold at this early stage. Accordingly, the Court finds Seward's complaint sufficient to survive initial review.

MEMORANDUM DECISION AND ORDER - 4

## IV. CONCLUSION

Seward's application to proceed in forma pauperis does not conclusively establish her indigency; the Court needs more information to make a ruling on the application. Seward must supplement her application with additional information showing the dollar value of her monthly income and categorized expenses. Additionally, Seward's Complaint is legally sufficient at this stage, and this case may proceed *once the Court determines whether Seward will be required to pay the filing fee*. After the Court resolves that issue, it will outline how service is to be completed in this matter. However, until such time as it receives and reviews Seward's updated application, no other action can occur in this case.

## V. ORDER

1. Seward is ORDERED to supplement her application to proceed in forma pauperis with additional information showing her monthly income and monthly expenses.

2. After an initial review of the Complaint, the Court will allow Seward to proceed with her claims against Defendants once it finalizes the fee issue.

DATED: April 2, 2026



David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5