U.S. COURTS

APR 08 2026

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MERSADES SEWARD,<br><br>Plaintiff,<br><br>v.<br><br>ADA COUNTY; ADA COUNTY SHERIFF'S OFFICE; SHELLEY BARNEY, an individual; BEN LEE, and individual; and DOES I-V, unknown individuals,<br><br>Defendants. | Case No. 1:25-cv-00683 DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

**SUPPLEMENT TO APPLICATION TO PROCEED IN FORMA PAUPERIS**

Plaintiff, Mersades Seward, respectfully submits this Supplement to her Application to Proceed in Forma Pauperis pursuant to the Court's Order dated April 2, 2026, and states as follows:

**I. LEGAL STANDARD**

Under **28 U.S.C. § 1915(a)(1)**, a litigant may proceed without prepayment of fees upon demonstrating an inability to pay.

The United States Supreme Court has held that a plaintiff need not be "absolutely destitute," but must show that paying court fees would deprive her of the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Ninth Circuit requires that such applications include sufficient detail and particularity regarding income and expenses. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff provides the following information in compliance with the Court's Order.

## II. MONTHLY INCOME

Plaintiff is currently **unemployed** and actively seeking employment.

Plaintiff's lack of income is the result of a recent termination, which Plaintiff asserts was wrongful and is currently the subject of a pending administrative complaint.

Currently:

- Employment income: **$0**
- Unemployment benefits: **$0** I'm having to appeal because of the push back and the EEOC complaint
- Public assistance: **$0**
- Food Stamps: **$291.00**
- Financial support from others: **$50-100.00**
- Other income: **$0**

**Total Monthly Income: $150.00-200.00 very limited**

Plaintiff has no current or reliable source of income.

## III. MONTHLY EXPENSES

Despite having no income, Plaintiff continues to incur necessary living expenses required for basic survival. These include:

**Housing**

- Rent: $650.00

**Utilities**

- Electricity: $150.00

- Water/Sewer/Trash: $175.00

**Food**

- Groceries: $292.00

**Transportation**

- Gas: $150.00

- Insurance / vehicle expenses: $140.00

**Communication**

- Phone: $120.00

**Basic Necessities**

- Hygiene / personal care: $150.00

- Medical expenses: $450.00

**Debt Obligations**

- Minimum payments: $50.00

**Other Essential Expenses**

- Additional necessary costs: $

**Total Monthly Expenses would be: $2035.00**

## IV. FINANCIAL CONDITION

Plaintiff currently has **very limited help with income whatsoever with no financial stable support currently.**

Plaintiff does not possess sufficient savings, assets, or alternative resources to pay the filing fee.

Requiring prepayment of the filing fee would deprive Plaintiff of the ability to obtain basic necessities including housing, food, and transportation, and would impose an undue financial hardship under the standard set forth in *Adkins*.

## V. ACCESS TO COURTS AND GOOD FAITH

Plaintiff brings this action in good faith. The Court has already determined that Plaintiff's Complaint states a plausible claim for relief and survives initial screening.

Granting in forma pauperis status is consistent with the purpose of **28 U.S.C. § 1915**, ensuring that indigent litigants are not denied access to the courts due to financial hardship.

## VI. DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of April , 2026.


**Mersades  Seward**
Plaintiff, Pro Se