UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MERSADES SEWARD,<br><br>　　　Plaintiff,<br><br>v.<br><br>ADA COUNTY; ADA COUNTY SHERIFF'S OFFICE; SHELLY BARNEY, individually; BEN LEE, individually; and DOES 1–5,<br><br>　　　Defendant. | Case No. 1:25-cv-00683-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On December 4, 2025, Plaintiff Mersades Seward filed the instant Complaint bringing claims pursuant to U.S.C. § 1983 against the Defendants. Dkt. 2. Before the Court now lies a Motion to Dismiss filed jointly by Defendants Ada County and Ada County Sheriff's Office ("County Defendants"). Dkt. 9. Seward responded to the Motion (Dkt. 10), and the County Defendants subsequently replied (Dkt. 13).

## II. BACKGROUND

On June 1, 2023, while on probation, Seward alleges she was unlawfully arrested at the scene of another individual's arrest—Colt Seward, with whom she lived. Dkt. 2, at 3.

MEMORANDUM DECISION AND ORDER – 1

Upon her arrest, law enforcement detained Seward in a police vehicle for approximately four hours. *Id.* While Seward was detained in the police vehicle, parole officers Shelly and Lee signed an "agent's warrant, allegedly authorizing [Seward's] continued detention and transfer to Ada County Jail." *Id.* at 3–4 (citation modified).

While being held in the Ada County Jail: "[Seward] was not charged with any crime, was not brought before a judicial officer for determination of probable cause or bail, and was not afforded a hearing or opportunity to contest the alleged violations cited in the warrant." *Id.* at 4. She was released on June 7, 2023, without any "documentation explaining the reason for her detention, the basis for the warrant, or the reason for her sudden release without charges or findings." *Id.*

Seward brings claims pursuant to 28 U.S.C. § 1983, alleging the Defendants violated her Fourth Amendment and Due Process rights. *Id.* at 6.

### III. LEGAL STANDARD

When reviewing a motion to dismiss, courts must accept a complaint's factual allegations as true. *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986). Even so, dismissal on statute of limitations grounds is appropriate where "the running of the statute of limitations is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). As such, courts must determine whether "the running of the statute is apparent on the face of the complaint" to determine whether dismissal is proper. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citation modified).

MEMORANDUM DECISION AND ORDER – 2

"In 42 U.S.C. § 1983 actions, we apply the forum state's statute of limitations for personal injury actions." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004). Under Idaho state law, "the statute of limitations provides for a limitations period of two years from the date the cause of action accrues." *Id.*; *see also* Idaho Code § 5-219(4). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000). A "claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

## IV. ANALYSIS

Seward has failed to timely raise her claims. She filed the Complaint in this case on December 4, 2025 (Dkt. 2), so her suit is only timely for acts occurring on or after December 4, 2023. Taking the Complaint's allegations as true, Seward's injuries occurred between June 1, 2023, and June 7, 2023. *See generally* Dkt. 1. Seward admits as much in response to the County Defendants' Motion. Dkt. 11, at 3. This means Seward filed the Complaint approximately six months after the deadline. She asserts no basis for tolling nor does she provide any other justification for the delay. Hence, the Complaint was untimely, and as such, Seward's claims are barred by the statute of limitations.

Because the statute of limitations bars Seward's claims, the Complaint must be dismissed. Furthermore, because there are no factual details that could change the Court's *legal* conclusion and alter the statute of limitations, leave to amend will not be granted.

MEMORANDUM DECISION AND ORDER – 3

## V. ORDER

THE COURT HEREBY ORDERS:

1.  Defendants' Motion to Dismiss (Dkt. 9) is GRANTED.

2.  This case is CLOSED.

DATED: August 12, 2026

David C. Nye
U.S. District Court Judge